LODGED

2009 NOV 17 PM 12:31

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED

2009 DEC -2 PM 12:31

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

INMATE #
CDC#K49649
HUNG DUONG NGUON

PLAINTIFF(S)

V.

MARK J. GERAGOS, ET AL;

DEFENDANT(S)

CASE NUMBER

CV09- 7826 UA (OP)

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE**

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

Date

United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- Inadequate showing of indigency
- Failure to authorize disbursements from prison trust account to pay filing fee
- Failure to provide certified copy of trust fund statement for the last six (6) months.
- District Court lacks jurisdiction
- X Other: SEE attachment

Comments: S

- X Frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Seeks monetary relief from a defendant immune from such relief.
  This denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); see O'Neal v. Price 531 F.3d 1146, 1153 (9th Cir. 2008).

11/23/09
Date

United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:   GRANTED     X DENIED (See comments above).

Date 11/30/09

United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br><br>            Plaintiff,<br><br>   v.<br><br>MARK GERAGOS, et al.,<br><br>           Defendants. | Case No. CV 09-7826 (OP)<br><br>ATTACHMENT |

## DISCUSSION

**A.** **The Complaint is Subject to Dismissal Because a Non-Lawyer Cannot Represent Others.**

Constitutional claims are personal and cannot be asserted vicariously. United States v. Mitchell, 915 F.2d 521, 526 n.8 (9th Cir. 1990). While a non-attorney may appear *pro se* on his own behalf, "[h]e has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff, a prisoner and non-lawyer, purports to be suing on his own behalf but also on behalf of his brother David Chang, a non-prisoner and non-lawyer. (Compl. at 1-2, 23-24.) Since Plaintiff has no authority to appear as attorney for anyone other

than himself or to assert constitutional claims suffered by anyone other than himself, dismissal of the Complaint is warranted.

**B.     The Complaint is Subject to Dismissal Because It Fails To State Sufficient Facts to Establish that Any Defendant Was a State Actor.**

In order to state a claim for relief in a § 1983 action, a plaintiff must plead that (1) the defendants acted under color of state law; and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir. 1991). Section 1983 does not provide a cause of action for violations of state law. See Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). However, where a violation of state law is also a violation of a constitutional right, § 1983 does provide a cause of action. See Lovell, 90 F.3d at 370.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49; see also Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997); Vang v. Xiong, 944 F.2d 476, 479 (9th Cir. 1991). The Supreme Court has articulated four distinct tests for determining when the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. Collins v. Womancare, 878 F.2d 1145, 1148-49 (9th Cir. 1989); see also George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1231 (9th Cir.1996). A lawyer in private practice does not act under color of state law. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)

Plaintiff has filed suit against Defendants Mark Geragos, Scott Ross, Lara Yenetsian, Mark Kassabian, Ms. Vartui, and the Law Offices of Geragos and Geragos ("Law Offices"), alleging a Sixth Amendment claim for ineffective assistance of counsel, an Eighth Amendment claim for cruel and unusual punishment, and several state law claims. (Compl. at 1-2.) The Law Offices were retained by Plaintiff's brother to investigate the possibility of filing a habeas corpus petition regarding Plaintiff's 1997 criminal conviction. (Id. at 1-9, Exs. B-D.) All Defendants are employed at the Law Offices. (Id. at 17-18.) The allegations in the Complaint relate to the adequacy of the services rendered. (Id. at 1-9, 17-18.) However, the Complaint fails to allege any facts that establish that any Defendant is a state actor under 42 U.S.C. § 1983. Thus, dismissal of the Complaint for failure to state a claim upon which relief can be granted is warranted.